**Teitelbaum & Baskin, LLP**
**3 Barker Avenue**
**White Plains, New York 10601**
**Tel.: 914 437 7670**
**E.Mail: jteitelbaum@tblawllp.com**
**Attorneys for JPMorgan Chase Bank, N.A.**
**Jay Teitelbaum, Esq. (JT-4619)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------:
| | |
|---|---|
| **In re Gwen and Darrel Bryant,** : | **Chapter 13** |
| : | **Case No.: 08-23821 (RDD)** |
| **Debtors,** : | |

------------------------------------------------------------:

| | |
|---|---|
| **Gwen and Darrel Bryant,** : | |
| : | |
| **Plaintiffs,** : | **Adv. Case No.: 09-08264** |
| v. : | |
| **JPMorgan Chase Bank, N.A.,** : | |
| : | |
| **Defendant.** : | |

------------------------------------------------------------:

## ANSWER OF JPMORGAN CHASE BANK, N.A., TO AMENDED COMPLAINT OF GWEN AND DARREL BRYANT

Defendant, JPMorgan Chase Bank, N.A., ("JPMorgan" or "Defendant") by its attorneys, Teitelbaum & Baskin, LLP, answering the amended complaint, dated August 12, 2009 (the "Amended Complaint") of Gwen and Darrel Bryant ("Plaintiffs"), responds as follows:

1. Denies the legal conclusions in paragraph 1 of the Amended Complaint.

2. Admits the allegations in paragraph 2 of the Amended Complaint.

3. Denies the allegations of paragraph 3 of the Amended Complaint, and avers that Plaintiffs have named the wrong party to this action. Defendant avers that the named defendant in the Amended Complaint, "Chase Bank, USA NA" filed a proof

of claim in the Debtors' bankruptcy case in the amount of $4,582 with respect to an unsecured credit card obligation and that the allegations of the Amended Complaint appear to relate to the proof of claim filed by JPMorgan with respect to a certain Home Equity Line of Credit in the original principal amount of $50,000.00, dated June 15, 2005 and secured by a mortgage on certain premises identified as 128 Hempstead Road, Spring Valley, New York, which bears Loan No. 415750000266 and which was recorded with the Rockland County Clerk on June 30, 2005, as Instrument No. 2005-00035395 (the "HELOC Loan").

4. Admits the allegations of paragraph 4 of the Amended Complaint.
5. Admits the allegations of paragraph 5 of the Amended Complaint.
6. Denies the allegations of paragraph 6 of the Amended Complaint.
7. Admits the allegations in paragraph 7 of the Amended Complaint.
8. Admits the allegations in paragraph 8 of the Amended Complaint to the extent that "Plaintiff" refers or relates to the Plaintiffs in this proceeding.
9. Admits the allegations in paragraph 9 of the Amended Complaint to the extent that "Plaintiff" refers or relates to the Plaintiffs in this proceeding.
10. Denies the allegations of paragraph 10 of the Amended Complaint, but avers that the proper party to this action is JPMorgan Chase Bank, N.A., a national banking association organized under the laws of the United States of America with its principal place of business at 1111 Polaris Parkway, Columbus, OH.
11. Admits the allegations of paragraph 11 of the Amended Complaint, to the extent that "Plaintiff" refers to both Plaintiffs.

12. Denies the allegations of paragraph 12 of the Amended Complaint, but admits that in 2005 Plaintiffs obtained the HELOC Loan from Defendant.

13. Denies the allegations of paragraph 13 of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 14 of the Amended Complaint. Denies the allegations in the second sentence of paragraph 14 of the Amended Complaint.

15. Denies the allegations of paragraph 15 of the Amended Complaint, except admits that Defendant received two pages of a document dated January 20, 2009, which purports to be a "Qualified Written Request", with respect to "Loan No. 1011052" (the "Request") and further avers that (i) such Request appears to be incomplete; (ii) such Request references a loan number which is not the loan number for the HELOC Loan and that no response to the Request was required; (iii) on August 25, 2009, Defendant requested that Plaintiffs provide a complete copy of such document; and (iv) Plaintiffs have not responded to the request by Defendant.

16. Denies the allegations of paragraph 16 of the Amended Complaint, and avers that no response was required with respect to the Request.

17. Denies the allegations of paragraph 17 of the Amended Complaint, and avers that no response was required with respect to the Request.

18. Denies the allegations of paragraph 18 of the Amended Complaint and further refers to and incorporates herein Defendant's letter dated August 25, 2009.

19. With respect to paragraph 19 of the Amended Complaint, Defendant repeats and realleges the responses to paragraphs 1 through 18 of the Amended Complaint as if fully set forth herein.

20. Denies the allegations of paragraph 20 of the Amended Complaint and avers that the HELOC Loan was originated by JPMorgan in 2005 and recorded with the Rockland County Clerk in 2005.

21. Denies the allegations of paragraph 21 of the Amended Complaint, and avers that no response was required with respect to the Request.

22. Denies the allegations of paragraph 22 of the Amended Complaint, and avers that no response was required with respect to the Request.

23. Denies the allegations of paragraph 23 of the Amended Complaint.

24. Denies the allegations of paragraph 24 of the Amended Complaint.

25. With respect to paragraph 25 of the Amended Complaint, Defendant repeats and realleges the responses to paragraphs 1 through 24 of the Amended Complaint as if fully set forth herein.

26. Denies the allegations of paragraph 26 of the Amended Complaint.

27. Denies the allegations of paragraph 27 of the Amended Complaint.

28. With respect to paragraph 28 of the Amended Complaint, Defendant repeats and realleges the responses to paragraphs 1 through 27 of the Amended Complaint as if fully set forth herein.

29. Denies the allegations of paragraph 29 of the Amended Complaint.

30. Denies the allegations of paragraph 30 of the Amended Complaint.

31. Denies that Plaintiffs should be awarded any relief, including the relief identified in the Wherefore clauses of the Amended Complaint.

**DEFENDANT'S ALLEGATIONS OF FACT COMMON TO ALL AFFIRMATIVE DEFENSES**

32. Defendant repeats and realleges paragraphs 1 through 31 herein.

33. Pursuant to a Revolving Credit Agreement and Mortgage, dated June 15, 2005, the Debtors obtained the HELOC Loan from JPMorgan, which HELOC Loan was secured by a mortgage on the Debtors' residence at 128 Hempstead Road, Spring Valley, New York.

34. The HELOC Loan bears loan number 415750000266.

35. The mortgage with respect to the HELOC Loan was recorded with the Rockland County Clerk on June 30, 2005.

36. Payments with respect to the HELOC Loan were applied to fees, interest and principal as permitted under the HELOC Loan.

37. The HELOC Loan did not require any payments to be made into escrow and no payments were applied to an escrow.

38. At some point in time after January 20, 2009 JPMorgan received the Request from Plaintiffs, which purported to be a Qualified Written Request under the Federal Servicer Act with respect to Loan # 10101052.

39. The Request did not identify the loan number for the HELOC Loan.

40. No request for loss mitigation has been filed with respect to the HELOC Loan.

41. On June 1, 2009, this Court denied the Debtors' request to reclassify the HELOC Loan as an unsecured claim.

42. JPMorgan determined that as of the Petition Date:
    a. The payoff amount for the HELOC Loan was $33,183.62, which included unpaid principal of $32,129.15, unpaid interest of $903.97, and other unpaid fees of $150.50.

    b. Debtors paid $856.45 in fees and late charges in connection with the HELOC Loan.

43. On August 25, 2009, JPMorgan proposed a loan modification with respect to the HELOC Loan. Plaintiffs have not responded to the proposal.

### As For A First Affirmative Defense With Respect To All Claims

44. Defendant repeats and realleges paragraphs 1 through 43 herein.

45. Defendant has not misapplied any payments received from Plaintiffs.

46. Defendant has not improperly charged Plaintiffs for fees and expenses.

47. Defendant did not receive a Qualified Written Request with respect to the HELOC Loan.

48. The Amended Complaint fails to state a claim upon which relief may be granted.

**WHEREFORE**:

Defendant demands:

1. That the Amended Complaint be dismissed with prejudice.

2. Such other and further relief as may be just and proper.

Dated: Westchester, New York
       September 10, 2009

    **Teitelbaum & Baskin, LLP**
    **Attorneys for JPMorgan Chase Bank, N.A.**

      /s/ Jay Teitelbaum
    Jay Teitelbaum (JT-4619)
    3 Barker Avenue
    White Plains, New York 10601
    (914) 437-7670
    jteitelbaum@tblawllp.com

**Teitelbaum & Baskin, LLP**
**3 Barker Avenue**
**White Plains, New York 10601**
**Tel.: 914 437 7670**
**E.Mail: jteitelbaum@tblawllp.com**
**Attorneys for JPMorgan Chase Bank, N.A.**
**Jay Teitelbaum, Esq. (JT-4619)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re Gwen and Darrel Bryant,** | **Chapter 13** |
| | **Case No.: 08-23821 (RDD)** |
| **Debtors,** | |
| | |
| **Gwen and Darrel Bryant,** | |
| **Plaintiffs,** | **Adv. Case No.: 09-08264** |
| v. | |
| **JPMorgan Chase Bank, N.A.,** | |
| **Defendant.** | |

**CERTIFICATE OF SERVICE: ANSWER OF JPMORGAN CHASE BANK, N.A., TO AMENDED COMPLAINT OF GWEN AND DARREL BRYANT**

I, Jay Teitelbaum, certify that on September 10, 2009, I caused a copy of the Answer of JPMorgan Chase Bank, N.A., to be filed electronically with this Court and served by electronic mail and mail upon Joshua Bleichman, 268 Rte 59 Spring Valley, New York 10977.

Dated: Westchester, New York
September 10, 2009

/s/ Jay Teitelbaum, Esq.
Jay Teitelbaum, Esq. (JT-4619)
3 Barker Avenue
Third Floor
White Plains, New York 10601
(914) 437-7670
jteitelbaum@tblawllp.com